[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFFS' MOTION FOR COSTS AND ATTORNEY'SFEES (NO. 177)
Lawyers can work hard and still lose cases. The plaintiffs' lawyers in this case worked monumentally hard and, at the end of the day, sustained a monumental loss. In the course of that loss, however, they managed to sustain one small but meaningful victory. The question now presented is the amount of attorney's fees that may appropriately be awarded for that victory.
This is a class action in which the plaintiffs, essentially the class of state prisoners in Connecticut, sought declaratory and injunctive relief against the defendant Commissioner of CT Page 8334 Correction concerning Conn. Agencies Reg. § 18-81-28, et seq. (the "Regulation"). The Regulation authorizes Connecticut correctional officials to listen to and record nonprivileged inmate telephone conversations and to review outgoing inmate mail. It also imposes certain limits on privileged inmate telephone conversations.
The case was tried before me over the course of eleven days in July 1994. On March 6, 1995, I filed a memorandum of decision. In that decision I found that correctional officials could lawfully listen to and record nonprivileged inmate telephone conversations and review outgoing inmate mail. I also found that the Commissioner had not violated the AIDS testing and medical information statute, Conn. Gen. Stat. § 19a-583 (a), and was not liable for monetary damages. I did, however, find that three different correctional practices involving telephone calls between prisoners and their attorneys were unconstitutional: (1) the practice of some correctional staff members remaining within listening range of attorney-client conversations; (2) the denial to prisoners of a reasonable opportunity to call their attorneys; and (3) the ten minute limit on the duration of attorney-client calls imposed by the Regulation.
The plaintiffs appealed, and the defendant cross appealed. On August 6, 1996, the Supreme Court rejected the plaintiffs' claims on appeal and agreed with the defendant on the cross appeal.Washington v. Meachum, 238 Conn. 692, 680 A.2d 262 (1996). The Supreme Court specifically ruled on the cross appeal that prisoners had not been denied a reasonable opportunity to call their attorneys and that the limitations on attorney-client calls imposed by the Regulation are constitutional.238 Conn. at 728-38. At least for appellate purposes, the plaintiffs sustained a total loss.
It turns out, however, that in the course of this otherwise unproductive litigation the plaintiffs sustained a small but significant victory. As the Supreme Court explains, the defendant did not challenge the trial court ruling that staff members must not remain within listening range of attorney-client telephone calls. 238 Conn. at 729. It consequently left intact "that portion of the judgment declaring that inmates are entitled to privacy when making such calls." Id. at 738-39. This outcome entitles the plaintiffs to claim that they have, at least in small part, prevailed. As my original memorandum of decision explains, moreover, the issue on which they have prevailed is one CT Page 8335 involving the federal constitution.
This latter fact is of monetary importance because this action was brought, in relevant part, pursuant to 42 U.S.C. § 1983.42 U.S.C. § 1988 (b) provides that, "In any action or proceeding to enforce a provision of . . . [§ 1983], the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."
The plaintiffs filed their motion for costs and attorney's fees on September 19, 1996. In that motion, they seek attorney's fees and expenses in the amount of $60,000. Their theory, in a nutshell, is that their total fees in the case amounted to approximately $238,000 and that the issue on which they were ultimately successful amounted to approximately 25 per cent of that case. On October 11, 1996, the defendant filed an objection. His view, again in a nutshell, is that the plaintiffs' success was trivial and that any fee awarded "should be no more than a total of $367.50."
The motion was heard on October 23, 1996. The plaintiffs have submitted numerous affidavits and records. Neither party presented expert testimony. My decision is necessarily based on familiarity with the case obtained from presiding over the trial as well as on the more recent submissions of the parties.
The first question that must be addressed is whether the plaintiffs are a "prevailing party." The answer to this question is plainly in the affirmative. The Supreme Court has explained that "a plaintiff `prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly affects the plaintiff." Farrar v. Hobby, 506 U.S. 103,111-12 (1992). Such relief has been awarded here. As described in my March 6, 1995 memorandum of decision, there were numerous pretrial instances of correctional staff members remaining within listening range of attorney-client conversations. The court's order, it is to be hoped, modifies this behavior in a way that directly affects the plaintiffs. The plaintiffs are, consequently, a "prevailing party."
This determination, however, marks only the beginning of the court's necessary inquiry. "Once civil rights litigation materially alters the legal relationship between the parties, `the degree of the plaintiff's overall success goes to the CT Page 8336 reasonableness' of a fee award." Farrar v. Hobby, supra,506 U.S. at 114. (Citations omitted.) "[T]he most critical factor" in making this determination "is the degree of success obtained."Hensley v. Eckerhart, 461 U.S. 424, 436 (1983). See Russell v.Dean Witter Reynolds, Inc., 200 Conn. 172, 195, 510 A.2d 972
(1986).
The Supreme Court explained in Hensley that, "There is no precise rule or formula for making these determinations. The [trial] court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." 461 U.S. at 436-37. Hensley
makes it clear that the appropriate judicial function in this area is one of judgment rather than mathematics. Id, at 435-36 n. 11.
Unhappily, neither party has advanced a reasonable position. The defendant's position, to begin with, is patently unreasonable. The issue on which the plaintiffs prevailed was not trivial. It was one of fundamental constitutional importance. Moreover, the defendant's proposal that any fee awarded be no more than $367.50, while bearing a semblance of mathematical exactitude, is completely unrealistic in the modern world of legal fees.
The plaintiffs' proposal of $60,000 is similarly unrealistic. While the issue on which the plaintiffs prevailed was, as mentioned, important, relatively little effort was required to prevail on that issue. The Regulation at issue expressly requires staff members to "move out of listening range of the inmate's conversation." Conn. Agencies Reg. § 18-81-46. The defendant Commissioner did not defend the violations of this provision established by the evidence. Rather, he learned of these violations while attending the trial and forthrightly informed the court that he found them unacceptable. March 6, 1995 memorandum of decision at 92. The violations in question were established by testimony submitted by inmates and attorneys. No expert testimony was required on this matter and, given the Commissioner's position, the matter did not require extensive briefing or argument. As already mentioned, the court's order on this issue was not appealed.
The time and energy ultimately expended on this issue was a very small fraction of the time and energy devoted to the case as CT Page 8337 a whole. The cynosure of the case was the recording and listening program authorized by the Regulation. The availability of calls to attorneys and the time limits on attorney-inmate calls were also the subject of much litigation. Although the fact that staff members often remained within listening distance of privileged conversations was mentioned by several witnesses, it was not the focal point of any witness's testimony. It is reasonable to estimate that less than 5 per cent of the trial — perhaps much less — was occupied by this issue. The same is true of the briefs and arguments.
It is possible, as the defendant now suggests, that, if this had been the only issue presented in the case, a quick settlement would have been reached, and no trial would have been necessary. Such an assumption, however, involves considerable speculation. This was, after all, an issue in the case, and neither it nor any other part of the case was, in fact, settled. As is often the case in prison litigation, this was an all-out battle between hostile parties. A trial was necessary, and a trial is what occurred. My task is to award a reasonable attorney's fee for the plaintiffs' success on the issue in question taking into account the fact that a trial occurred.
Taking both the nature of the litigation and the results obtained into account, I conclude that a reasonable attorney's fee in this matter is $9,000. This award reflects both the importance of the issue on which the plaintiffs prevailed and the relatively small percentage of the lengthy trial devoted to that issue.
Based on the representation of plaintiffs' counsel, the award is payable to the Connecticut Civil Liberties Union Foundation. No other costs or fees are awarded to the plaintiffs. It should be noted that the defendant has filed, but not yet claimed, his own motion for costs. That motion, as discussed at the hearing, will be considered in due course in the event that it is claimed.
Jon C. Blue Judge of the Superior Court